IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TERRENCE OLIPHANT | § | |
| v. | § | CIVIL ACTION NO 6:22cv274 |
| PAM PACE, ET AL. | § | |

<u>REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF</u>

The Plaintiff Terrence Oliphant, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. The case has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Plaintiff has filed a motion for preliminary injunction and temporary restraining order requesting that the Defendants be ordered to show cause why an injunction should not issue prohibiting them from tampering with his food, providing "unsafe and unsanitary conditions," failing to act on "all violations," failing to diagnose, treat, and cure his illnesses and injuries, tampering with medical grievances and tests, denying and delaying dental care, denying outdoor recreation and exercise, and serving inadequate meals. He does not provide any supporting facts concerning these requests.

A preliminary injunction is an extraordinary remedy whose purpose is to preserve the *status quo* during the pendency of the litigation. *City of Dallas v. Delta Air Lines Inc.*, 847 F.3d 279, 285 (5th Cir. 2017). The purpose of a temporary restraining order is to prevent irreparable harm until an adversarial hearing for a preliminary injunction can be held. Fed. R. Civ. P. 65(b)(3).

The prerequisites for a preliminary injunction or temporary restraining order are: (1) the substantial likelihood that the moving party will prevail on the merits; (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted; (3) the threatened injury outweighs the threatened harm the injunction may do to the non-movant; and (4) the granting of the injunction will not dis-serve the public interest. *Libertarian Party of Texas v. Fainter*, 741 F.2d 728, 729 (5th Cir. 1984). Preliminary injunctive relief is not granted unless the movant clearly carries the onerous burden of persuasion as to all of the elements. *United States v. Jefferson County*, 720 F.2d 1511, 1519 (5th Cir. 1983). In this regard, the Fifth Circuit has held that conclusory allegations are not sufficient to show entitlement to injunctive relief. *Lakedreams v. Taylor*, 932 F.2d 1103, 1007 (5th Cir. 1991); *see also Hancock v. Essential Resources, Inc.*, 792 F.Supp. 924, 926 (S.D.N.Y. 1992). Furthermore, the injury in question must be imminent and cannot be speculative. *Chacon v. Granata*, 515 F.3d 922, 925 (5th Cir. 1975); *Watson v. FEMA*, 437 F.Supp.2d 638, 648 (S.D.Tex. 2006).

Under the Prison Litigation Reform Act, prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the federal right of a particular plaintiff, and a prisoner may not obtain a preliminary injunction unless the court first finds such relief is narrowly drawn, extends no further than necessary to correct the harm the court finds requires preliminary relief, and is the least intrusive means necessary to correct the harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief and shall respect the principles of comity where state or local law is concerned. 18 U.S.C. §3626; *Nelson v. Campbell*, 541 U.S. 637, 649, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004).

Plaintiff has not shown a substantial likelihood of success on the merits of his claim, nor a substantial likelihood of irreparable injury if his requested injunctive relief is not granted. A plaintiff seeking a preliminary injunction must show that the irreparable injury will occur during the pendency of the litigation unless the preliminary injunction issues. *Rimkus Consulting Group Inc.*

*v. Cammarata,* 255 F.R.D. 417, 433 (S.D.Tex. 2008), *quoting Justin Inds., Inc. v. Choctaw Secs., L.P.*, 920 F.2d 262, 268 n.7 (5th Cir. 1990).

An injunction must be specific in terms and describe in reasonable detail the act or acts sought to be restrained. Fed. R. Civ. P. 65; *see also John Doe #1 v. Veneman*, 380 F.3d 807, 818-19 (5th Cir. 2004) (requests for injunctive relief which are overbroad cannot be granted). Plaintiff's requested injunctive relief is fatally overbroad.

Finally, Plaintiff has not demonstrated his requested injunction will not disserve the public interest. Aside from the vagueness of the request for relief, considerations of federalism weigh heavily against interference by federal courts through the issuance of preliminary injunctions against state agencies. The Supreme Court has stated that prison administrators are to be accorded wide-ranging deference in their adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain internal security. *Block v. Rutherford*, 468 U.S. 576, 584-85, 104 S.Ct. 3227, 82 L.Ed.2d 438 (1984). Consequently, the Court has noted that federal district courts are not to allow themselves to become "enmeshed in the minutiae of prison operations." *Lewis v. Casey*, 518 U.S. 343, 362, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), *citing Bell v. Wolfish*, 441 U.S. 520, 562, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Plaintiff has not shown the type of extraordinary circumstances required to justify federal interference with the day-to-day operations of the state prison, particularly in light of the fact the Court must give "substantial weight" to any adverse impact on the operation of TDCJ-CID and must respect the principles of comity regarding state law. Consequently, Plaintiff's request for injunctive relief is without merit.

## RECOMMENDATION

It is accordingly recommended that the Plaintiff's motion for a preliminary injunction or temporary restraining order (docket no. 4) be denied.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 5th day of October, 2022.

_K. Nicole Mitchell_
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE